■ In the Matter of JAMES McKEON et al., Respondents, v MUNICIPAL CREDIT UNION OF THE CITY OF NEW YORK et al., Appellants. In the Matter of HORACE MASON et al., Appellants, v MUNICIPAL CREDIT UNION OF THE CITY OF NEW YORK et al., Respondents.

### MATTER OF McKEON

Judgment, Supreme Court, New York County, entered April 19, 1977, in an article 78 proceeding, directing that the names of petitioners be placed on the appropriate ballots as candidates for positions of director, member of supervisory committee, and member of credit committee, respectively, of respondent Municipal Credit Union, is unanimously affirmed for the reasons stated by Kirschenbaum, J., at Special Term, without costs and without disbursements.

### MATTER OF MASON

Judgment, Supreme Court, New York County, entered March 21, 1977, dismissing petition in article 78 proceeding, is unanimously reversed, on the law, without costs and without disbursements, and the matter is remanded to the Supreme Court for further proceedings not inconsistent with this memorandum. We agree with Mr. Justice Kirschenbaum's determination in the *McKeon* case that where the nominating petition is signed by a member having status to do so, the failure to comply with the remaining provisions of the by-law as to supporting information to be furnished in the nominating petition, particularly account number, current home address, and department where presently employed, is a mere "irregularity" which does not invalidate the signature or the petition so long as there is given the

address, account number, or Social Security number of the signed. In the *Mason* case, Special Term held that failure to comply strictly with the by-laws invalidated the signature, and in view of our determination in the *McKeon* case, we reverse the order in the *Mason* case. However, we are unable to say on the present state of the record whether this means the petitioners in the *Mason* case have or have not enough valid signatures, and we accordingly remand for that determination. We have not considered the letter to the members of the court from the president of respondent Municipal Credit Union dated June 17, 1977, as it was improper to send that letter; it was by the client, not through the attorneys, apparently without sending a copy to petitioners' attorneys, and refers to facts apparently not in the record. Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.